The opinion of the court was delivered by
Spencer, J.
This is a controversy between the plaintiff as administrator of improvements and the defendant as administrator of commerce, under the city government, as to which of said officers has the *883 superintendence and management of the bridges across the navigable ■canals of the city of New Orleans. The city charter, section nine, provides :
•‘In the administration of the government and affairs of the city there shall be, in addition and subordinate to the executive powers of the mayor, seven separate departments, the heads of which shall be known as the administrators of said departments, and shall have the administration and control of the same, subject to the limitations imposed by this act, or other laws, or the ordinances and resolutions of the council, to wit:
“ First. A finance department, etc.
“ Second. A department of commerce, which shall have general ■superintendence of all matters relating to markets, railroads, canals, weights and measures, the fire department, and manufactories, and ■shall be vested with and perform such other functions and duties as may from time to time be prescribed by the council.
“ Fourth. The department of improvements, which shall have general superintendence of all matters relating to the streets, sidewalks, pavements, and wharves, and to the construction, cleansing, and repair of the same, the construction and repair of bridges, and the drainage of the city, and shall be vested with and perform such other functions and duties as may be prescribed by the council.” Acts of 1870, number seven, page 33-34.
■On July 18,1877, the city council adopted an ordinance reciting that:
“ Whereas, under article two, of section nine of the charter, the administrator of commerce had general superintendence of all matters relating to canals, etc., resolved, that the administrator of improvements turn over and transfer to the administrator of commerce all canals and bridges over the New and Carondelet canals.”
John McCaffrey brought the present suit to prevent and enjoin the execution of the above ordinance, alleging that the control, management, and superintendence of the bridges of this city, including the selection of employees to watch and tend the same, belonged to his department under the provisions of the charter above recited.
Cavanae, the defendant, answered by a general denial;'averring the validity of the above ordinance, and that by virtue thereof, and by the terms of the charter, the superintendence of the bridges over navigable canals belonged to his department.
There was judgment for defendant, and dissolving the injunction. Plaintiff appeals.
Our opinion is that the charter is paramount to any ordinance of the city council. That where the charter is silent, or not prohibitory, “ the ordinances and resolutions of the council ” must govern.
*884 The language of the fourth clause of section nine of the charter give® the administrator of improvements, and seems to confine his powers to “the construction and repair of bridges;” which does not, by its terms or by necessary implication, embrace the superintendence, management, or control of such bridges, after construction or repair. This proposition gains strength when applied to bridges over navigable canals, since article second of section nine gives the administrator of commerce “superintendence of all matters relating to * * * canals, etc.”
We think there is nothing in the charter in conflict with this ordinance, and, therefore, that the matter is within the control and disposal of the council.
The judgment appealed from is affirmed with costs.